Adan MONDRAGON; Eva Mondragon, Petitioners,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–70345.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 4, 2009.

Adan Mondragon, El Monte, CA, pro se.

Eva Mondragon, El Monte, CA, pro se.

David V. Bernal, Assistant Director, Lance Lomond Jolley, Esquire, OIL, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Adan and Eva Mondragon, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen. We dismiss the petition for review.

The evidence that petitioners presented with their motion to reopen concerned the same basic hardship grounds previously considered by the agency. *See Fernandez v. Gonzales,* 439 F.3d 592, 601–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the cumulative evidence was insufficient to establish a prima facie case of hardship. *Id.*

Petitioners' contention that the BIA violated due process by not reopening their case does not state a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

We also lack jurisdiction to review the BIA's decision not to exercise its sua sponte reopening authority. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

**PETITION FOR REVIEW DISMISSED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

